Case 1:25-cv-00181   Document 28   Filed on 10/31/25 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
October 31, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LORENZO C. P.,[1] <br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, *et. al.*, <br> *in their official capacities*, <br> Respondents. | CIVIL ACTION NO. 1:25-cv-181 |

### REPORT AND RECOMMENDATION TO DENY RESPONDENTS' MOTION TO DISMISS AND GRANT IN PART PETITIONER'S WRIT OF HABEAS CORPUS

**I.     Synopsis**

The Government detains Lorenzo C. P. in immigration custody claiming that after 27 years of living in the United States, he is an applicant for entry into the United States subject to mandatory detention during the pendency of his immigration proceedings pursuant to 8 U.S.C. § 1225(b)(2). The Government also claims this Court has no authority to review their decision to mandatorily detain Lorenzo C. P.

Lorenzo C. P. is not the only person in this position and this Court, following district courts around the country, finds this Court has jurisdiction to review Lorenzo's C. P. claim. This Court finds Petitioner is incorrectly detained under § 1225(b)(2).

**II.     Procedural History**

Petitioner Lorenzo C. P. is a 63-year-old citizen of Mexico. Dkt. No. 18, p. 3. He resides in South Texas, living in the Rio Grande Valley for over 25 years. *Id*. Immigration officials arrested Petitioner at his construction worksite in Weslaco, Texas on August 2, 2025. *Id*; Dkt. No. 22, p. 7. Petitioner received a Notice to Appear that same day. Dkt. No. 22, p. 7. This notice was filed with the Immigration Court which began Petitioner's formal removal proceedings under 8 U.S.C. §

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner's last name using only the first initial.

1229a. *Id*. The notice charges Petitioner as subject to removal because he is "an alien present in the United States without being admitted or paroled[.]" Dkt. No. 22, Ex. 1, p. 2.

On August 14, 2025, an Immigration Judge (IJ) ordered Petitioner "released from custody under bond of $ 4,000.00." Dkt, No. 22, Ex. 2, p. 2. On that same day, the Department of Homeland Security filed "ICE Notice of Intent to Appeal Custody Redetermination," which placed an automatic stay on the Immigration Judge's custody redetermination decision under 8 C.F.R. § 1003.19(i)(2). Dkt. No. 22, Ex. 3, p. 2.

Petitioner filed his Original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 19, 2025 against Respondents Kristi Noem as Secretary of the United States Department of Homeland Security, Miguel Vergara as director of the Harlingen and San Antonio field offices for Immigration and Customs Enforcement, Todd Lyons as Acting Director of Immigration and Customs Enforcement, Pamela Bondi as United States Attorney General, Carlos Cisneros as custodian of Petitioner at the time of filing. Dkt. Nos. 1, 5, and 18. Petitioner later named Warden Norbal Vasquez as his immediate custodian from the detention facility in Laredo, Texas in his Second Amended Petition. Dkt. No. 18; Dkt. No. 22, p. 8.

Petitioner filed his first Application for Temporary Restraining Order and Preliminary Injunction on August 23, 2025. Dkt. No. 8. After a hearing, the District Court Judge Rolando Olvera granted in part and denied in part Petitioner's request for a temporary restraining order (TRO). Dkt. No. 11. The District Court granted Petitioner's request to "enjoin Respondents from enforcing 8 C.F.R. § 1003.19(i)(2)[,]" the provision which automatically stayed the Immigration Judge's custody redetermination decision setting a bond for Petitioner's release from detention. Dkt. No. 11, p. 3. "Respondents [were] enjoined from enforcing the automatic stay provisions of 8 C.F.R. § 1003.19(i)(2) without a written Order from this Court." Dkt. No. 11, pp. 3-4.

On September 9, 2025, the IJ who had set a bond for Petitioner as part of the custody redetermination decision rescinded its prior order granting Petitioner bond and denied Petitioner's request for a bond decision. Dkt. No. 20-1. The IJ based this decision upon "a new precedential decision from the Board of Immigration Appeals ('BIA') [*Matter of Yajure Hurtado*, 29 I & N Dec. 216, 225 (BIA 2025)]." Dkt. No. 20-1. Consequently, Respondents no longer held Petitioner in custody pursuant to the automatic stay provision, 8 C.F.R. § 1003.19(i)(2). As a result, this Court terminated the existing TRO and denied Petitioner's request for preliminary injunctive relief. Dkt. No. 16.

Following the District Court's order, Respondents filed a response to Petitioner's claims in the form of Respondents' Motion to Dismiss Second Amended Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 20. Petitioner filed his Reply to the Motion to Dismiss on September 17, 2025. Dkt. No. 22. Petitioner also filed his Second Motion for a Temporary Restraining Order and Preliminary Injunction. Dkt. No. 26.

Now, this Court analyzes whether to grant or deny Respondent's Motion to Dismiss (Dkt. No. 20) and Petitioner's Second Amended Petition for Writ of Habeas Corpus (Dkt. No. 18).

### III.     Jurisdiction

As a threshold matter, the Court considers its power to decide Petitioner's case because "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024). Additionally, the "federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737 (1995); *see also United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (citing *Bass v. Denney*, 171 F.3d 1016, 1021 (5th Cir. 1999)). Further, federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005); *People's Nat'l Bank v. Off. of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Federal courts lack the power to adjudicate claims unless jurisdiction is conferred through statute or the Constitution. *Exxon Mobile*, 545 U.S. at 552; *People's Nat'l Bank*, 362 F.3d at 336. Subject matter jurisdiction can never be forfeited or waived. *Arbaugh v. Y&H Corp.*, No. 04-944, slip op. at 12 (Feb 22, 2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Moreover, "several sections of the INA curtail the jurisdiction of federal district courts in immigration cases." *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *3 (W.D. Tex. Sept. 22, 2025). *See also Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018).

The Petitioner invokes this Court's jurisdiction by filing a habeas petition pursuant to 28 U.S.C. § 2241 contesting the lawfulness of his detention under both statutory and constitutional claims. Respondents contend the Court lacks the jurisdictional ability to entertain Petitioner's claims, arguing "judicial review is unavailable of pending removal proceedings under INA § 235(b), 8 U.S.C. § 1225(b)(2), which subjects Petitioner to mandatory detention." Dkt. No. 20, p. 4.

The Immigration and Nationality Act (INA) has "[t]wo statutes [which] principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226."

*Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). Section 1225(b) is the 'mandatory detention' statute. 8 U.S.C. § 1225(b)(2). This statute subjects an "alien [who] is an applicant for admission" to being "detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1229a concerns removal proceedings. Section 1226(a) is the 'discretionary detention' statute. 8 U.S.C. § 1226(a). This statute provides that "a noncitizen subject to detention is entitled to procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an Immigration Judge and a right to appeal any custody determination." *Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-479, 2025 WL 2783642, at *2 (D. Me. Sep. 30, 2025).

Whether the mandatory detention statute applies to Petitioner is a question of statutory interpretation. The Court considers the principal issue in this case to be whether Petitioner has been lawfully detained under 8 U.S.C. § 1225(b)(2)(A), the statute requiring mandatory detention of aliens "seeking admission" during their removal proceedings. This question of statutory interpretation is the province of the courts, not the province of a federal agency. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024). "Judges have always been expected to apply their 'judgment' independent of the political branches when interpreting the laws those branches enact. And one of those laws, the APA, bars judges from disregarding that responsibility just because an Executive Branch agency views a statute differently. . . . Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Id*. at 412–13 (citation omitted).

Whether the mandatory detention statute applies to Petitioner also determines the Court's jurisdictional ability to entertain this petition for writ of habeas corpus. For this reason, the Court analyzes the question of statutory interpretation alongside the question of its subject matter jurisdiction.

### a. Department of Homeland Security Policy for the Detention of Noncitizens

On July 8, 2025, Immigrations and Customs Enforcement (ICE) announced a new policy entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission." (Dkt. 1, Attach. 2 at 28–30.) The policy informs all ICE employees of Department of Homeland Security's (DHS) determination that 8 U.S.C. § 1225, rather than 8 U.S.C. § 1226, is the applicable immigration detention authority for all noncitizens considered "applicants for admission." (*Id*.) The guidance further specifies that DHS's position is that an "applicant for admission" includes noncitizens present in the United States who have not been admitted or who arrive

in the United States, whether or not at a designated port of arrival. (*Id.*) . . . As a consequence of this guidance, individuals previously subject to discretionary detention under 8 U.S.C. § 1226 have now been categorized by immigration enforcement officials as subject to mandatory detention under 8 U.S.C. § 1225. (*See id.*) On September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges "lack authority to hear bond requests or to grant bond to aliens. . . who are present in the United States without admission" and are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Dkt. 1 at 7; Dkt. 9 at 10) (quoting *Matter of Yajure Hurtado*, 29 I & N Dec. 216, 225 (BIA 2025)).

*Angel Fuentes v. Lyons et al.*, No. 5:25-cv-153, at pp. 1-2 (S.D. Tex. filed October 16, 2025).

### b. Section 1225(b)(2)(A) and Section 1226(a).

Section 1226(a) provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226(a). The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). Under 8 U.S.C. § 1226(a), a noncitizen is generally entitled to a bond hearing at the outset of their detention. *See id.* ("the Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole'" (quoting 8 U.S.C. § 1226)).

In contrast, "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* (quoting § 1225(b)(2)(A)). Therefore, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *Rodriguez v. Bostock*, 2025 WL 2782499, at *3 (W.D. Wash. Sept. 30, 2025). In other words, "U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings*, 583 U.S. at 289.

### c. Section 1225(b)(2)(A) does not apply to Petitioner.

Almost every district court that has taken up the issue of whether the Government has authority to detain an alien already present in the United States under the mandatory provision of the INA has concluded that "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" clearly support the finding that §1226 is the applicable statute, not §1225. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (quoting *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *4 (E.D. Mich. Sept. 9, 2025) and citing *Lopez-Arevelo*, 2025 WL 2691828, at *7 (W.D. Tex. Sept. 22, 2025)); *Rodriguez*, 2025 WL 2782499, at *1 & n. 3 (collecting cases); *Belsai D.S. v. Bondi*, 2025 WL 2802947, at *6 (D. Minn. Oct. 1, 2025)). Further, "[i]n recent weeks, courts across the country have held that this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect." *Angel Fuentes*, No. 5:25-cv-153, at p. 10 (quoting *Lopez-Arevelo*, 2025 WL 2691828, at *7).

After considering the analysis of these other district courts, including courts in this district, this Court adopts their position "that the applicable detention authority for noncitizens who have been physically present in the United States, like Petitioner, is 8 U.S.C. § 1226(a)." *Angel Fuentes*, No. 5:25-cv-153, at p. 7. Like the other district courts, "[t]he court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement." *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (citing *Chogllo Chafla v. Scott*, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025)).

Respondents present the Court with only the text of the INA statutes and the BIA opinion in the *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), as authority on their position. Regarding the text of the statute, using the Supreme Court's authority under *Loper Bright*, 603 U.S. at 413, this Court's statutory interpretation reaches a different conclusion than that of Respondents, namely that § 1226 and not § 1225 govern Petitioner's detention. Additionally, the Court is not bound to follow the BIA opinion on the interpretation of these statutes. *Id.* Nonetheless, this Court does not find the *Matter of Yajure Hurtado* persuasive. *See Buenrostro-Mendez*, 2025 WL 2886346 at n. 3. For these reasons, this Court notes that "Respondents have failed to provide controlling authorities or persuasive reasons that would justify reaching a different result." *Angel Fuentes*, No. 5:25-cv-153, at pp. 10-11.

To summarize, this Court finds that contrary to Respondent's argument, 8 U.S.C. § 1225(b), the mandatory detention statute of the INA, does not apply to Petitioner, someone already present in the United States and not seeking admission. Accordingly, Petitioner is not subject to mandatory detention, and 8 U.S.C. § 1225(b) does not bar this Court's jurisdictional ability to review Petitioner's habeas claim.

Additionally, Respondents present that "there is no jurisdiction under the REAL ID Act to entertain the instant habeas petition." Dkt. No. 20, p. 8. However, Respondents do not specifically refer to any provision of the Real ID act. Nevertheless, the Court notes that, indeed, "the REAL ID Act of 2005 eliminated judicial review in habeas of a final order of removal." *Jah v. Att'y Gen. of U.S.*, 258 F. App'x 394, 395 (3d Cir. 2007). In the present case though, the record does not reflect that a final order of removal has been entered. *See Nadarajah v. Gonzales,* 443 F.3d 1069, 1075–76 (9th Cir. 2006). (The provision of the REAL ID act which strips the Courts of jurisdiction "does not apply to federal habeas corpus petitions that do not involve final orders of removal."). Additionally, "[f]ederal district courts retain habeas jurisdiction to examine the statutory and constitutional basis for a detention unrelated to a final order of removal." *Jah*, 258 F. App'x at 395. Here, Petitioner challenges the statute under which he is detained in his immigration proceeding. Dkt. No. 18, pp. 12-13. For that reason, even under the REAL ID act, the Court retains the jurisdictional ability to examine Petitioner's statutory arguments regarding his detention by Respondents. *Loper Bright*, 603 U.S. at 413.

While Respondents allude to an additional argument under the REAL ID Act that Petitioner has failed to exhaust his administrative remedies, the Respondents concede that "this Court still had jurisdiction under 28 U.S.C. 2241 to review statutory and constitutional challenges to immigration detention under (*Zadvydas v. Davis*, 533 U. S. 678 (2001))." Dkt. No. 20, p. 8. Because Respondents argue the detention of Petitioner is mandatory, claiming no one, including the IJ, can review the detention issue, any attempt to require Petitioner to exhaust any administrative remedies is futile. Further, this Court is taking up Petitioner's case to review the statutory interpretation under which he is held, so exhaustion of remedies is futile. See *Angel Fuentes*, No. 5:25-cv-153, at p. 6. (Moreover, "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a

patently futile course of action." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).

Because the court finds that Petitioner is not subject to 8 U.S.C. § 1225, the mandatory detention provision of the INA, and finds Respondents' other arguments unavailing for the aforementioned reasons, the court finds it has subject matter jurisdiction to consider the present case.

### IV. Venue

Under 28 U.S.C. § 1391, venue is proper in a "civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity . . . in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred. . . ." Under the jurisdictional provision of 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973) ("Read literally, the language of 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.").

While Petitioner is no longer physically being detained within the Brownville Division of the Southern District of Texas, Petitioner is currently held in Laredo, Texas, which is still in the Southern District of Texas. Petitioner's transfer from the Port Isabel Service Processing Center in Los Fresnos, Texas to the Rio Grande Processing Center in Laredo, Texas does not deprive this Court of jurisdiction to adjudicate this case. See *Trump v. J. G. G.*, 604 U. S. 670, 672 (2025) (citing *Rumsfeld v. Padilla*, 542 U. S. 426, 442 (2004)). Additionally, because Petitioner was detained in Los Fresnos, Texas when he first filed his claim, a substantial part of the events giving rise to his claim occurred within the Brownsville Division of the Southern District of Texas. *See* 28 U.S.C. § 1391. Further, Petitioner's Writ of Habeas Corpus presents a civil action against Respondents who are officers and employees of the United States and United States' agencies acting in their official capacities as the Secretary of Homeland Security, the field office director of Immigration and Customs Enforcement, the Acting Director of Immigration and Customs Enforcement, the Attorney General and wardens in charge of Petitioner's custody. *See* 28 U.S.C.

§ 1391. Lastly, Petitioner's custodian can and has been reached through service of process, demonstrating that this Court has jurisdiction over the custodian.

For these reasons, venue is proper in the Brownsville Division of the United States District Court for the Southern District of Texas.

## V.     Respondent's Motion to Dismiss (Dkt. No. 20)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party can seek dismissal of an action for lack of subject matter jurisdiction. Subject-matter jurisdiction is inherently a threshold matter. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, Coldwater & Lake Michigan Railway Co. v. Swan*, 111 U.S. 379, 382 (1884)). A motion to dismiss pursuant to Rule 12(b)(1) must be considered before any other challenge because a court must have jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). Therefore, the plaintiff must constantly bear the burden of proof that subjection matter jurisdiction does exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Evaluation of a motion to dismiss for lack of subject matter jurisdiction may be based on: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008) (internal citation omitted); *see also Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). All uncontroverted allegations in the complaint must be accepted as true. *See Den Norske Stats Oljeselskap As*, 241 F.3d at 424. A claim is "properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A court's dismissal of a plaintiff's case for lack of subject matter jurisdiction is not a determination of the merits and does not prevent a plaintiff from pursuing a claim in a court that does have jurisdiction. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

Respondents argue they hold Petitioner in their custody pursuant to 8 U.S.C. § 1225(b)(2)(A). Further, Respondents' Motion to Dismiss argues that because Section 1225(b) requires mandatory detention "in the case of an alien who is an applicant for admission," the Court

does not have subject matter jurisdiction to review Petitioner's challenge to his custody. 8 U.S.C. § 1225(b)(2)(A). Because jurisdiction is a threshold matter and a federal court holds an independent obligation to examine its own jurisdiction, this Court has already analyzed whether it has the statutory power to adjudicate Petitioner's claim. *See Steel Co.*, 523 U.S. at 94–95; *United States v. Hays*, 515 U.S. at 737.

This Court finds Respondents' claimed authority for detaining Petitioner is a question of statutory interpretation, which as previously stated historically belongs within the jurisdiction of the courts. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 and *Pizarro Reyes*, 2025 WL 2609425, at *3. Although the federal agency and the Immigration Courts consider "noncitizens present in the United States who have not been admitted or who arrive in the United States" to be "applicants for admission," the Court keeps to its domain by analyzing this question of statutory interpretation. *Angel Fuentes*, No. 5:25-cv-153, at pp. 1-2. *See also Loper Bright*, 603 U.S. at 413. Like nearly every district court to address the statutory question, this Court finds that Petitioner cannot be described as "seeking admission" and, therefore, subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)." *See Cordero Pelico v. Kaiser*, 2025 WL 2822876, at *7 (N.D. Cal. Oct. 3, 2025) (citing cases).

Again, in the present case, the Government apprehended Petitioner at his worksite after having been present in the United States since 1998. Dkt. No. 18, p. 3. Petitioner was not actively seeking admission into the United States at the time of his arrest, he was working. Considering "the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice," Respondents' claimed authority for detaining Petitioner under 8 U.S.C. § 1225(b)(2)(A) is misapplied. *Rodriguez*, 2025 WL 2782499, at *1 n. 3. Instead, for a noncitizen already physically present in the United States when apprehended, Respondents could properly claim authority under 8 U.S.C. § 1226(a), the statutory provision which does not constrict its application to aliens who are "applicants for admission" or make mention of aliens "seeking admission." *See* 8 U.S.C. § 1225(b)(2)(A). However, under Section 1226(a) of the INA, the discretionary detention statute, Petitioner "is entitled to procedural protections" which must be respected. *Chiliquinga Yumbillo*, 2025 WL 2783642, at *2.

Because this Court finds Respondents' claimed statutory authority for detaining Petitioner is misapplied, Section 1225(b) of the INA does not bar this Court's review of Lorenzo's challenge to his detention. For this reason, this Court has subject matter jurisdiction over this action. *See*

*Home Builders Ass'n, Inc.*, 143 F.3d at 1010 ("A claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim."). Therefore, Respondents' Motion to Dismiss Petitioner's claims for lack of subject matter jurisdiction should be denied.

## VI. Petitioner's Writ of Habeas Corpus (Dkt. No. 18)

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes*, 2025 WL 2609425, at *2 (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas*, 533 U.S. at 687; see also *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished op.). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).

Petitioner alleges two claims for relief in his second amended pleading, Dkt. No. 18. The first is a statutory claim that the Respondents invalidly detain him beyond their powers pursuant to a misinterpretation of the INA statutes 8 U.S.C. §§ 1226(a) and 1225(b)(2). *Id.* at 12-13. The Petitioner requests this Court invalidate the Respondents' interpretation of the statute holding him subject to mandatory detention. *Id.* The Petitioner further raises a second claim that Respondents are violating his constitutional 5th Amendment due process rights. *Id.* at 13-14.

This Court takes up Petitioner's statutory habeas claim. As discussed, it is the province of this Court to take up questions of statutory interpretation. *Loper Bright*, 603 U.S. at 413. This Court considered whether § 1225(b)(2) or § 1226(a) applies to Petitioner as discussed above and reiterates its finding that because Petitioner is a noncitizen who previously entered the United States and has been living here for almost three decades, the applicable detention authority is 1226(a). Petitioner cannot be described as seeking admission into the United States and, therefore, subject to mandatory detention under 1225(b)(2)(A), because he was not seeking admission into the United States when he was arrested at work. For this reason, Petitioner's detention does not fit within § 1225(b) and must fit with § 1226(a), the default provision for noncitizens already physically present in the United States.

Given this Court's finding that Respondents claimed statutory authority for detaining Petitioner is misapplied, this Court finds, accordingly, that Respondents lack the authority to continue detaining Petitioner under the mandatory detention provision of the INA, 8 U.S.C. § 1225(b)(2)(A). For this reason, Petitioner is entitled to some of his requested relief. This Court recommends enjoining the Respondents from detaining Petitioner under the statutory authority of 8 U.S.C. § 1225. As a result, this Court recommends granting in part Petitioner's writ of habeas corpus, holding that the Petitioner cannot be detained under 8 U.S.C. § 1225(b)(2)(A).

Petitioner further challenges his detention under constitutional due process grounds. Dkt. No. 18, pp. 13-14. In following other courts faced with a statutory and constitutional argument, this Court will decline to address and decide the merits of the constitutional due process claim. This Court recommends Petitioner be granted the relief he seeks based on this Court's statutory analysis that detention under 1225 is inapplicable to Petitioner. *See Buenrostro-Mendez,* 2025 WL 2886346, at *3, n. 4; *Pizarro Reyes*, 2025 WL 2609425, at *8.

## VII. Recommendation

This Court recommends

(1) DENYING Respondents' Motion to Dismiss (Dkt. No. 20) and

(2) GRANTING IN PART Petitioner's claim (Dkt. No. 18) on statutory grounds by ENJOINING Respondents from detaining Petitioner under the statutory authority of 8 U.S.C. § 1225(b)(2)(A).

## VIII. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing an objection must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). This Report and Recommendation shall serve as notice of the Plaintiff's procedural defaults, and the objection period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without

conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

    Signed on October 31, 2025.

*Karen Betancourt*
_____
Karen Betancourt
United States Magistrate Judge
