United States District Court
Southern District of Texas
**ENTERED**
November 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LORENZO CARDENAS PEREZ,<br>  "Petitioner,"<br><br>v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security, et al.,<br>  "Respondents." | Civil Action No. 1:25-cv-00181 |

## ORDER

Before this Court are Petitioner's "Second Amended Petition for Writ of Habeas Corpus" (Dkt. No. 18) ("Petition"), "Respondents' Motion to Dismiss Second Amended Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction" (Dkt. No. 20) ("MTD"), Petitioner's "Application for Emergency Temporary Restraining Order and Preliminary Injunction" (Dkt. No. 26) ("TRO"), the Magistrate Judge's "Report and Recommendation to Deny Respondents' Motion to Dismiss and Grant in Part Petitioner's Writ of Habeas Corpus" (Dkt. No. 28) ("R&R"), and "Respondents' Objection to Report and Recommendation to Deny Respondents' Motion to Dismiss and Grant in Part Petitioner's Writ of Habeas Corpus" (Dkt. No. 31) ("Objection").

The Magistrate Judge recommended this Court 1) deny the MTD and 2) grant the Petition "on statutory grounds by ENJOINING Respondents from detaining Petitioner under the statutory authority of 8 U.S.C. § 1225(b)(2)(A)." Dkt. No. 28 at 12. Upon a de novo review, the Court **ADOPTS** the R&R (Dkt. No. 28).

### I.   BACKGROUND

After nearly three decades of living in the Rio Grande Valley, Petitioner was arrested by immigration officials on August 2, 2025. Dkt. No. 5-2 at 2. Since then, Petitioner has been detained by Respondents at the Port Isabel Service Processing Center in Port Isabel, *id.* at 5, and the Rio Grande Processing Center in Laredo. Dkt. No. 9 at 1. On August 14, 2025, an Immigration Judge ("IJ") ordered Petitioner released from custody on bond. Dkt No. 18 at 2; Dkt. No. 5-4 at 2. The Department of Homeland Security ("DHS") appealed the IJ's determination to the Board of Immigration Appeals ("BIA"), Dkt. No. 5-1. In doing so, DHS triggered an automatic stay on the

IJ's order pursuant to 8 C.F.R. § 1003.19(i)(2), which authorizes an automatic stay on an IJ's order for release where DHS has filed a "notice of intent to appeal the custody redetermination." 8 C.F.R. § 1003.19(i)(2).

On August 19, 2025, Petitioner filed a writ of habeas corpus requesting his release under 8 U.S.C. § 2241, arguing that the automatic stay on the IJ's order was unlawful. Dkt. Nos. 1 & 5. On August 23, 2025, Petitioner moved for his first temporary restraining order, asking the Court to enjoin Respondents from using the automatic stay provisions of 8 C.F.R. § 1003.19(i)(2) pending a final resolution of his writ. Dkt. No. 8 at 21. The Court granted this motion in part. Dkt. No. 11.

While the temporary restraining order was in effect, the BIA released its decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). In it, the BIA determined that "aliens present in the United States without admission…must be detained for the duration of their removal proceedings" under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"). *Yajure Hurtado*, 29 I. & N. Dec. at 220. Taking this new opinion as precedent, the IJ revoked his previous order releasing Petitioner on bond, concluding that, since § 1225(b)(2) applied to Petitioner, the IJ had no jurisdiction to hear the bond claim. Dkt. No. 20-1. With no underlying bond order, Petitioner no longer was detained under the automatic stay regulation, and the Court terminated its temporary restraining order as moot. Dkt. No. 16. Since September 11, 2025, Petitioner has been detained by Respondents under § 1225(b)(2).

With Petitioner detained under different authority, the case shifted focus. Petitioner filed his current Petition on September 11, 2025, Dkt. No. 18, and his current TRO on October 16, 2025, Dkt. No. 26, both of which claimed the application of § 1225(b)(2) to Petitioner was unlawful. Dkt No. 18 at 13; Dkt. No. 26 at 5. Respondents filed their MTD on September 15, 2025, arguing that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)" and that the Court lacked jurisdiction to hear Petitioner's claims. Dkt. No. 20 at 4. The Magistrate Judge, reviewing both the Petition and the MTD, published her R&R on October 31, 2025, in which she recommended we deny the MTD and partially grant the Petition because "Petitioner is incorrectly detained under § 1225(b)(2)." Dkt. No. 28 at 1. Respondents submitted their Objection on November 14, 2025, rendering the R&R ripe for the Court's review.

## II. LEGAL STANDARD

If a party objects to a magistrate's ruling, the district court will review that determination de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## III. DISCUSSION

### A. THE PETITION IS NOT ENTIRELY MOOT, AND RESPONDENTS' OBJECTION IS OVERRULED.

While the Petition dwells on the automatic stay issue, it is not the exclusive basis of Petitioner's statutory claim. In offering "Count 1—Violation of the INA," Petitioner includes the following assertion: "[t]he application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention [and] is *ultra vires* and violates the INA." Dkt. No. 18 at 13. This language makes no mention of the automatic stay. Its framing is general rather than conditional, and it is set apart from Petitioner's later insistence that the "automatic stay provisions" "violate the INA, are ultra vires, and are invalid." *Id.* When read naturally, then, the Petition argues that the "application of § 1225(b)(2)" to Petitioner is itself unlawful, not just as a premise of the automatic stay. *Id.* So long as § 1225(b)(2) is applied to Petitioner, its unlawfulness is an active issue before the Court. The R&R is right to treat it as one.

Respondents' Objection (Dkt. No. 31) is **OVERRULED.**

### B. THE COURT ACCEPTS THE R&R'S CONCLUSIONS ON ITS OWN REVIEW.

Upon de novo review, the Court finds no error in the R&R's conclusions.

The Court agrees with the R&R on the jurisdictional question: we have habeas jurisdiction to review the "extent of the Government's detention authority under the 'statutory framework' as a whole," *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018).[1]

The Court also finds § 1225(b)(2) is unlawfully applied to Petitioner. § 1225(b)(2) states that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2). This provision is misapplied in this case. Petitioner is not, as is required, seeking *admission*, which the statute defines as a "lawful entry of the alien into the United States after

---

[1] To the extent that Petitioner challenges specific discretionary actions and not just review of the government's "claim of authority," we decline to consider his challenges because we lack jurisdiction to do so. *Nielsen v. Preap*, 586 U.S. 392, 401 (2019).

inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).[2] Petitioner entered this country in 1998, and he was recently arrested while still within the United States. Dkt. No. 5-2 at 2. The Court thus cannot find that he was seeking admission (a kind of entry) at the time of his detention, and it cannot find he is now subject to § 1225(b)(2).

### IV. CONCLUSION

The R&R (Dkt. No. 28) is hereby **ADOPTED**. The Petition (Dkt. No. 18) is **GRANTED in part**, and it is **ORDERED** that Respondents are enjoined from using 8 U.S.C. § 1225(b)(2) against Petitioner, including as a basis for detaining Petitioner, denying him release on bond, or denying him a bond hearing. Respondents are further **ORDERED** to submit a status report to the Court **within 14 days of this order.**

The Petition is **DENIED in part** with respect to Petitioner's other claims and requested relief. The MTD (Dkt. No. 20) is **DENIED**, and the TRO (Dkt. No. 26) is **DENIED** as moot.

Signed on this 20th day of November 2025.

Rolando Olvera
United States District Judge

---

[2] There are two phrases in § 1225(b)(2) relevant to the scope of its application: "applicant for admission" and "seeking admission." 8 U.S.C. § 1225(b)(2). The Court sees these phrases as distinct for several reasons. First, the statute gives a bespoke definition for the former, 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted or who arrives in the United States…"), but it does not give one for the latter. Second, equating the two would make the language "seeking admission" redundant, both in § 1225(b)(2) and elsewhere. *See, e.g.,* 8 U.S.C. § 1225(a)(3) ("All aliens…who are applicants for admission *or otherwise seeking admission or readmission* to or transit through the United States shall be inspected by immigration officers") (emphasis added). And third, Congress has given "admission" its own definition, 8 U.S.C. § 1101(a)(13)(A), a form of "plain, unambiguous text" this Court will not discard without a superseding definition. *Martinez v. Mukasey*, 519 F.3d 532, 545-46 (using the § 1101(a)(13)(A) definition for "admitted" when it appeared in the same sentence as a separately defined term of art ("alien lawfully admitted for permanent residence") in which "admitted" also appeared).